AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| | |
|---|---|
| CONTINENTAL RESOURCES, INC., <br> *Plaintiff* <br> v. <br> MOUNTAIN STATES PRESSURE SERVICE, INC., <br> *Defendant* | ) <br> ) <br> ) Civil Action No. CIV-24-463-J <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hanover Insurance Company

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit 1.

| Place: GableGotwals - Attn: John (Jake) M. Krattiger <br> 499 West Sheridan, Suite 2200 <br> Oklahoma City, OK 73102, jkrattiger@gablelaw.com | Date and Time: <br> 08/02/2024 6:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/12/2024

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Continental Resources, Inc._____, who issues or requests this subpoena, are:

Greg Van Houten, Haynes and Boone, LLP, 800 17th Street NW, Suite 500, Washington, DC 20006; greg.vanhouten@haynesboone.com; 202-654-4562

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CIV-24-463-J

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DEFINITIONS

1. "And" and "or" shall be construed conjunctively or disjunctively as required by the context within the scope of the Request (as defined below) so as not to exclude any information that might be deemed outside the scope of the Request by any other construction.

2. "Any" and "All" shall be construed conjunctively or disjunctively as required by the context within the scope of the Request so as not to exclude any information that might be deemed outside the scope of the Request by any other construction.

3. "Communication" shall mean and include any oral or written utterance, notation, or statement of any nature whatsoever, including, but not limited to correspondence, e-mails, telephone calls, voicemails, text messages, instant messages, video calls, discussions, interviews, consultations, memoranda, and agreements.

4. "Concern" means refer, relate, include, constitute, mention, define, explain or pertain, in any way, expressly or impliedly, to the matter called for.

5. "Document" shall mean any written, printed, or electronic matter—including but not limited to Communications (as defined above), drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

6. "Fishing Operation" means the attempt to recover and remove dropped pipe and other damaged equipment from the Well (as defined below) after the Incident (as defined below).

7. "Incident" shall mean the dropping of pipe into the Well, occurring on November 30, 2022.

8. "MSPSI" mean Mountain States Pressure Service, Inc., as well as each of its officers, directors, employees, representatives, attorneys, contractors, consultants, authorized representatives, agents, servants, and each Person presently or formerly acting or authorized to act on its behalf.

9. "Policy" refers to Hanover Insurance Company Policy No. IH4H83862500 (4/1/22 – 7/1/23), issued to Mountain States Pressure Service, Inc.

10. "Relate to" any given subject means any Document, Communication, or statement that is about, includes, regards, references, involves, concerns, is connected to, resulting from, summarizes, supports, analyzes, considers, explains, discusses, describes, demonstrates, constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, touches upon, or is in any manner whatsoever pertinent to that subject.

11. "Request" or "Requests" refers to the requests set forth in this exhibit.

12. "Hanover," "You," or "Your" refer to of Hanover Insurance Company and/or any of its past or present officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, representatives, attorneys, agents and any other person or entity acting for or on behalf of Hanover Insurance Company.

## **REQUESTS**

1.    All Documents and Communications that relate to the Incident, including but not limited to any Communications between You and MSPSI concerning the Incident and any such Documents and Communications that are contained in any of Your claim file(s).

2.    All Documents and Communications that relate to the Fishing Operation, including but not limited to any Communications between You and MSPSI concerning the Fishing Operation and any such Documents and Communications that are contained in any of Your claim file(s).

3.    All Documents and Communications through which MSPSI provided Hanover with notice of a claim, circumstance, occurrence, or other matter, related to the Incident and/or Fishing Operation.

4.    All Communications through which Hanover has communicated its coverage position(s) vis-à-vis the Incident and/or Fishing Operation to MSPSI or any of MSPSI's other insurers.

5.    All Documents and Communications that reflect any defense and/or indemnity coverage that You have provided MSPSI in connection with the Incident and/or Fishing Operation.

[*remainder of page intentionally left blank*]