## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CONTINENTAL RESOURCES, INC.,          )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          Case No.: CIV-24-463-J
                                      )
MOUNTAIN STATES PRESSURE              )
SERVICE, INC.,                        )
                                      )
            Defendant.                )

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE
## TO FILE A THIRD AMENDED COMPLAINT, AND BRIEF IN SUPPORT

Plaintiff Continental Resources, Inc. ("Continental"), after meeting and conferring with Defendant Mountain States Pressure Service, Inc. ("MSPSI"), moves, with no opposition, for leave to file a Third Amended Complaint (the "Motion"). A copy of Plaintiff's proposed Third Amended Complaint is attached as Exhibit 1.

This Motion seeks leave to file an amended pleading that adds a small number of factual allegations and statements supporting the previously pleaded causes of action based on information learned from documents recently received from MSPSI. The Motion should be granted because (1) there is good cause, (2) there is no undue delay, bad faith, or dilatory motive by Continental, and (3) there would be no undue prejudice to MSPSI, which is unopposed to the relief sought.

The Federal Rules of Civil Procedure contemplate that "[t]he court should freely give leave [to amend pleadings] when justice so requires." *See* FED. R. CIV. P. 15(a)(2). As such, motions for leave to amend are generally denied only "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

1

deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Here, there is good cause for the granting of the Motion because it is unopposed and proposes limited amendment based on information uncovered through discovery after the amendment deadline had passed.

Relatedly, there is no undue delay, bad faith, or dilatory motive. The Court's scheduling order set July 12, 2024 as the deadline for pleading amendments. Continental received documents from MSPSI in response to written discovery requests on July 26, 2024, and Continental's proposed pleading amendments are based in part on information in those documents. In other words, this Motion is being filed a mere six weeks after the amendment deadline and less than four weeks after receiving MSPSI's first set of documents produced in response to discovery. Continental did not unjustifiably delay and the fact that this Motion is being filed after the amendment deadline is explained by the date of MSPSI's document production. *See Gifford v. Lowe's Home Ctrs., LLC*, No. 20-cv-00102, 2021 WL 6062878, at *4 (N.D. Okla. Mar. 11, 2021) (granting motion for leave to amend answer filed eight months after amendment deadline as the movant's explanation of learning new information from documents received through discovery was an adequate explanation for the delay).

In addition, there would be no prejudice to MSPSI because any and all critical case deadlines—such as the close of discovery, the deadline to file dispositive motions, or the trial date—are still months away and MSPSI is itself unopposed to the proposed narrow amendment of the operative complaint.

For these reasons, Continental respectfully requests that this Court grant this Unopposed Motion for Leave to File a Third Amended Complaint.

For the Court's convenience, a proposed order that provides for the granting of the Motion will be e-mailed to the Court immediately after the filing of this Motion.

*    *    *

Submitted this 23rd day of August, 2024.


/s/ *Greg Van Houten*
Counsel for Plaintiff

Greg Van Houten*
District of Columbia Bar No. 1032731
HAYNES AND BOONE, LLP
800 17th Street NW, Suite 500
Washington, DC 20006
Tel: 202-654-4500
Fax: 202-654-4256
greg.vanhouten@haynesboone.com
*Admitted pro hac vice*

-and-

Brooks A. Richardson
John (Jake) M. Krattiger
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan, Suite 2200
Oklahoma City, OK 73102
Tel: 405-235-5500
Fax: 405-235-2875
brichardson@gablelaw.com
jkrattiger@gablelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants, who are attorneys of record for Defendant Mountain States Pressure Service, Inc.:

Trevor L. Hughes, OBA No. 21229
Jason L. Callaway, OBA No. 31958
JOHNSON & JONES, P.C.
6120 S. Yale, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Fax: (888) 789-0940
thughes@johnson-jones.com
jcallaway@johnson-jones.com


*/s/ Neil Issar*
Neil Issar